Cite as 2026 Ark. 100

# SUPREME COURT OF ARKANSAS
**No.** CR–26–130

|  |  |
|---|---|
| DEXTER DODSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 7, 2026<br><br><br><br><br><br>SHOW–CAUSE ORDER ISSUED. |

### PER CURIAM

Dexter Dodson filed a motion for rule on clerk because he paid James Law Firm to represent him on appeal and the firm never perfected his appeal. Drew Curtis, supervised by Bill James, filed a notice of appeal on May 20, 2024. They then failed to file a compliant record and lodge the appeal with this court. Now, nearly two years later, Dodson asks to proceed with his appeal. By separate order, we grant Dodson's motion. But here we are concerned with Curtis's and James's conduct and order them to explain their failure to file a compliant record for two years.

We do so because this does not appear to be an isolated incident. On the contrary, it appears that Curtis and James filed a notice of appeal and then failed to perfect an appeal in at least three other cases: *State v. Velazquez-Diaz*, 72CR–20–1484; *State v. Lewis*, 53CR–22–57; *State v. Wilburn*, 16JCR–22–1356. That pattern raises concerns, and to protect both the public and litigants, we order Curtis and James to explain their conduct both in this case

and in the other cases listed above and explain why they should not receive sanctions. Their response must be filed before May 14, 2026 at 5:00 p.m.

Show–cause order issued.

WOOD and WEBB, JJ., dissent.

**BARBARA W. WEBB, Justice, dissenting.** I respectfully dissent. This is a matter for the Arkansas Supreme Court Committee on Professional Conduct (OPC) The allegations concern breaches in professional responsibility, not contempt of this court's orders. We are not a trial court, so the allegations will necessarily have to be investigated. That means that we will have to appoint a special master to take evidence. Conversely, the OPC has the machinery in place to investigate, and if the allegations are found to have merit, sanction the attorneys who have appeared in Mr. Dodson's appeal. Referring these attorneys to the OPC better serves Due Process and judicial economy.

Meanwhile, the James Law Firm is still counsel of record. Before considering whether to grant Mr. Dodson's motion to represent himself, I would order the James Law Firm to give the court a status report on the case, to file any motions required by our appellate rules, prepare the file for transfer to another attorney, and secure Mr. Dodson's permission to file a motion to withdraw.

WOOD, J., joins.